## In re Thomas PRICE.

Family Court of Delaware,
Sussex County.

Decided: May 30, 1989.

Vincent Vickers, Georgetown, for defendant.

James Adkins, Georgetown, for the State.

## OPINION

ROBINSON, Judge.

 Before the Court is the jurisdictional question of whether the Family Court may hear a criminal matter involving an adult father and an adult son who reside in different homes. Having reviewed counsel's memoranda and the legislative history of 10 *Del.C.* § 901(9) I conclude the Court has jurisdiction over the case.

The purported basis for the Court's jurisdiction is 10 *Del.C.* § 922(2) which gives Family Court exclusive original criminal jurisdiction over "offenses, except felonies, committed by one member of a family against another member of a family...." The issue presented is whether an adult father and son who reside in different homes constitute a "family". The term "family" is defined in 10 *Del.C.* § 901(9) and reads as follows:

> "Family" means husband and wife; a man and woman cohabitating in a home in which there is a child of either or both; custodian and child; or any group of persons related by blood or marriage who are residing in one home under one head or where one is related to the other by any of the following degrees of relationship, both parties being residents of this state:
>
> | | | | |
> |---|---|---|---|
> | a. | Mother; | j. | Daughter; |
> | b. | Father; | k. | Son-in-law; |
> | c. | Mother-in-law; | l. | Daughter-in-law; |
> | d. | Father-in-law; | m. | Grandfather; |
> | e. | Brother; | n. | Grandmother; |
> | f. | Sister; | o. | Grandson; |
> | g. | Brother-in-law; | p. | Granddaughter; |
> | h. | Sister-in-law; | q. | Stepfather; |
> | i. | Son; | r. | Stepmother. |

The definition of "family" has changed at least three times since the enactment of the Family Court Act of 1971. The 1974 Revised Code defined "family" as follows:

> "Family" means husband and wife; a man and woman cohabitating in a home in which there is children of either or both; custodian and child; or any group of persons related by blood or marriage who are residing in one home under one head.

Effective June 20, 1978 this definition became:

> "Family" means husband and wife; a man and woman cohabitating in a home; custodian and child; or any group or persons related by blood or marriage.

This 1978 change broadened the definition of "family" by including a man and woman cohabitating together without reference to whether or not children resided with them and by dropping the provision that a group of related persons must "reside in one home under one head."

In 1981 the definition changed to its present form. The definition was part of

Senate Bill No. 238 of the 131st General Assembly. The synopsis of the Bill states as follows:

> The present definition of family is too broad and can include most any misdemeanor charge of one adult against another adult where there appears to be some sort of family relationship involved. It is creating a problem between the Justices of the Peace and Family Court as to who has jurisdiction over such cases, such as an assault charge against a son-in-law by a mother-in-law who does not reside under the same roof. Both courts support this legislation, which would clarify and refine the present law.

The provision reinstates the requirement that there be children residing with unmarried, cohabitating adults. But, the listing of degrees of relationship I find confusing rather than clarifying. Is it intended to define a separate group of people over whom the Family Court has jurisdiction regardless of their residence? Or is the relationship limited by the restriction that the related persons reside in one home? The latter reading is more consistent with the legislature's expressed intention to narrow the definition of family and redefine the family relationships which should be involved.

██ However, the actual text of the provision suggests that the correct reading is that the amended definition refers to two types of situations, the first where a group of related individuals live together in one household, and the second where individuals are related in a manner specified, without regard to their place of residence. The fact that the definition requires the second group to be residents of the state suggests that the phrase defines a separate group of individuals and does not refer back to the group of persons "residing in one home", since presumably such persons are residents of the State. This reading is also supported by the use of the conjunctive "or" rather than "and".

For these reasons, it appears that the instant case would fall within the Court's jurisdiction as Thomas Price, Jr. and Thomas Price, Sr. are father and son even though they do not reside under the same roof. Accordingly, the matter will be scheduled for trial.